Norris, J.
The defendant in error, as the plaintiff in the common pleas court of this county, commenced his action againBt the Cincinnati, Hamilton and Dayton Railway Company, and alleges in his amended petition, that on the 18th of *328 June, 1895,, at Sidney, Ohio, he got upon a freight train of the defendant railway company for the purpose of riding there as a passenger, and that while said train was in motion, and running at so high a rate of speed as to render it dangerous for a person to get off, the conductor in charge refusing to accept fare from the plaintiff, commanded him to leave the train.
That at this time, the train still maintaining its rate of speed, was entering a cut, at which place it was extremely dangerous to jump off said moving train. Said conductor wantonly and willfully assaulted plaintiff, and without fault or negligence upon plaintiff’s part, caused him to fall off said train between the cars, by which wanton and unlawful act of said conductor, he was thrown under the wheels of the moving train; and his leg was broken in three places and mangled and crushed, his right foot was greatly injured, his left foot was mangled and partly cut off, and his head and back and shoulders were greatly bruised and hurt.
That by reason of these injuries, he has suffered and still suffers great mental anguish and physical pain. That he tías, and still is rendered unable to attend to his usual business. That he was confined to his bed for a period of six months. That to employ medical attendance he was put to the expense of $650, and for nursing the sum of $215, and that by reason of said injuries he is crippled for life. He says that he has by all this, sustained damages in the sum of $20,000, and asks for judgment.
The railway company answers this petition, and denies the complaints I have recited. It especially denies that „ the plaintiff was injured by reason of any unlawful act of the conductor. That if the plaintiff received any of the -injuries complained of, he received them wholly from his ■ own negligence.
■' As a second defense it is alleged that if plaintiff got upon said freight train as stated by him, it was without.the *329 knowledge or consent of any of said company’s agents or officers authorized to give consent. That said train did not carry passengers; that plaintiff knew this, and that he got upon said train in violation of the laws of this state, and was thereon a trespasser, and if he received injuries, he received them wholly by reason of, and in consequence of his own unlawful and negligent act,
The reply denies every allegation of the second defense. The issues thus joined were, at the September Term, 1896, of the common pleas, submitted to a jury which returned a general verdict for the plaintiff, together with its answer and special findings upon interrogatories submitted,
The defendant thereupon interposed a motion predicated upon these special findings for a verdict in its favor notwithstanding the general verdict returned by the jury, which motion was not sustained by the court below.
The defendant then interposed its motion to set aside the general verdict and to set aside the finding of the jury upon the eighth interrogatory submitted to the jury, and for a new trial. This motion was also overruled by the common pleas, and judgment was entered upon the verdict.
To these and the various proceedings had in this action in the court below, the defendant below prosecutes error in this court.
The first ground of error urged by the plaintiff in error, is the overruling of its demurrer to the amended petition.
This petition,stripped of verbiage,places the defendant in error on the company’s freight train, not as a passenger, but as a trespasser. He was not on a passenger train, but on a freight train,upon which there is no pretence that passengers were carried. He was there without invitation,and without permission of any officer or agent of the company which might authorize his presence there. But while he was there without right, yet the petition discloses the fact that being there his intentions were not unlawful or crimr *330 inal,either against the company’s property,or the company’s servants.
While his presence there was a trespass upon the rights of the company, his intentions and conduct as disclosed by the petition were not such as to forfeit for him the plain rights with which the law still clothed him as a man and as a citizen.
While the company had the authority to remove him from the train, he still was so far within the protection of the law that this might not be done in a manner that would put in jeopardy his life or health.
While the company might eject him. and use all necessary means to accomplish his removal, the law still shielded him from unlawful and wanton and unnecessary assault and injury. This the petition alleges was perpetrated upon him, and that from this cause alone, and without any act upon his part which directly contributed thereto in any degree, he received the injuries for which he seeks to recover. With this view of the petition, we think the demurrer was properly overruled.
The second error assigned, is that the verdict is against and contrary to the weight of the evidence and the law of the case.
In the trial of this case the controversy narrowed down to the issues covered by the answer of the jury to the eighth interrogatory found in the verdict returned. Did the conductor assault and drive Boyer from that train?
It is not claimed that Boyer attempted to maintain his position as a trespasser upon that train. It is not claimed that a wanton assault upon him was necessary in order to cause him to quit that car, so that if an assault was committed upon him, it was unnecessary and unlawful.
All agree that violent hands were laid upon him; the brakeman, Grannan, says it was for the purpose of taking from him his hat which was a good one, so that there can *331 be no mistake that Boyer was menaced and' assaulted. And it was not in trying to hold his ground, but in seeking to •escape, that he fell under the wheels of that train. The single point then, which the jury was called upon to settle was, who was his assailant. As to this the evidence is conflicting. Riggle and Grannan, the two brakemen, swear that”theyjandj;he two Boyers were the only ones present on that car; the conductor swears that he was not present.
The defendant in error, and his brother William, both swear’that the conductor, Forsha, was present and was the assailant. They do not appear to be uncertain as to his identity, as to the conversation, or as to what occurred on that occasion.
And right here arises the first and only opportunity for corroboration by a witness who can be in no wise interested or influenced. Biggies and Grannan do not admit the angry and threatening conversation which is recited by Mrs. Leppley, but denies that it occurred. The Boyers give it and are born out by Mrs. Leppley. This, no doubt, had some weight with the jury, and properly so, In short, the jurors, with the witnesses before them, were at liberty to give credence as their judgment dictated. They chose to believe the defendant in error and his witnesses, and found that the conductor, Forsha, did drive Boyer from that car by a wanton and unnecessary assault upon him.
At this distance we cannot say that the finding of the jury is not right, and we see no error in the conclusion.
And the same as to the third error assigned, which goes to the answer to the eighth interrogatory, and also to the seventh assignment, which goes to the overruling of the motion for judgment notwithstanding the verdict.
The complaint that the verdict is excessive, we think not well grounded. Boyer’s injuries are,no doubt, permanent, considering his loss of time, the exDense of cure, his phys *332 ical and mental suffering, the verdict is a very moderate one.
R. D. Marshall, for Plaintiff in Error.
C. A. Layton, for Defendant in Error.
The fifth error assigned, which complains of the ' refusal to give in charge to the jury, the second special request of the plaintiff in error, we think, not well taken. In substance the second request urged that in order to recover in any event, it must appear that the defendant in error was rightfully on that train.
The court very properly refused to consider this the law of the case. In no phase of this controversy could this be proper, If Boyer was on that train rightfully, then he was entitled to all the rights of a passenger.
It is not claimed that Boyer was a passenger, but it is conceded that he was a trespasser and only entitled to consideration as such. This being the case he, of course, could not be required to procure proof of a fact which by no possibility could be pertinent to the issue. To have given the request would have been error.
The charge of the court we find to fully and plainly cover all the issues in the case, and completely states the* law governing the controversy.
There being no error in the record, the judgment is-affirmed at costs of plaintiff in error, and case remanded for execution,